IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| WYLIE METHODIST CHURCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:24-CV-00134-H-BU |
| | § | |
| CHURCH MUTUAL INSURANCE COMPANY, S.I., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Wylie Methodist Church (Wylie) filed its Complaint in state court seeking to hold Defendant Church Mutual Insurance Co., S.I. (Church Mutual) liable for its mishandling of Wylie's claim under the insurance policy. Church Mutual removed this case to federal court, invoking this Court's diversity jurisdiction. *See* Dkt. No. 1. United States District Judge James Wesley Hendrix then transferred the case to the undersigned for pretrial management. Dkt. No. 4, 28 U.S.C. § 636(b)(1)(A). Now before the Court is Wylie's Motion for Leave to File Plaintiff's Third Amended Complaint. Dkt. No. 33.

For the reasons explained below, the undersigned RECOMMENDS the Court DENY Wylie's Motion to Amend.

**I. JURISDICTION**

The Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the parties are diverse and the amount in controversy exceeds $75,000. *See* Dkt. Nos. 9, 10. Venue is proper in the Northern District of Texas, Abilene Division, because the property

underlying this dispute is in Callahan County, Texas. 28 U.S.C. §1391 (b)(2). The undersigned has the authority to enter these Findings, Conclusions, and Recommendations after United States District Court Judge James Wesley Hendrix transferred this case to the undersigned for pretrial management.[1] Dkt. No. 4; 28 U.S.C. § 636(b)(1)(B).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The present action arises from an insurance dispute. Nearly one year ago, Wylie filed this suit in state court alleging that Church Mutual failed to properly handle a property damage claim under its insurance policy. *See* Dkt. No. 1. After Church Mutual removed the case to federal court, the undersigned entered a Scheduling Order to govern all pre-trial deadlines. Dkt. No. 14. Among these was a deadline for the amendment of pleadings which required the parties to file any amendment by no later than January 17, 2025. Dkt. No. 14 at 1. This deadline was subsequently extended upon the parties' motion to January 31, 2025. Dkt. Nos. 15, 16.

Since initiating this lawsuit, Wylie has amended its complaint twice. *See* Dkt. Nos. 8, 17, 19. Despite the deadline for such amendments expiring six months ago, Wylie now requests leave to file its Third Amended Complaint. Dkt. No. 33. Church Mutual opposes this Motion. Dkt. No. 34.

## III.  LEGAL STANDARDS

A party's untimely motion to amend their pleadings implicates Federal Rules of

---

[1] The undersigned has the authority to resolve any non-dipositive matter. It is unclear when a Motion for Leave constitutes a dispositive matter, if at all. *Anderson v. Union Pac. R.R. Co.*, No. CV G-10-415, 2011 WL 13337072, at *2 n. 1 (S.D. Tex. June 21, 2011), *report and recommendation adopted*, No. CV G-10-415, 2011 WL 13334680 (S.D. Tex. July 13, 2011). Considering this uncertainty, the undersigned issues this recommendation, out of an abundance of caution.

Civil Procedure 16(b)(4) and 15(a)(2). *See Mallory v. Lease Supervisors, LLC*, No. 3:17-CV-3063-D, 2019 WL 3253364, at *1 (N.D. Tex. July 19, 2019). First, given that the amendment is untimely, the court must determine whether there is good cause to modify the scheduling order under Rule 16(b)(4). *Id.*; Fed. R. Civ. P. 16(b)(4). Under this good cause standard, modification is only warranted if the movant shows "that despite his diligence, he could not have reasonably met the scheduling deadline." *Price v. United Guar. Residential Ins. Co.*, CIV.A.3:03-CV-2643-G, 2005 WL 265164 (N.D. Tex. Feb. 2, 2005) (internal quotations omitted). A showing of lack of prejudice to the nonmovant or the movant's own negligence alone is insufficient and "tantamount to no explanation at all." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

Four considerations guide the court's inquiry into whether to allow such modification. These factors are "(1) the explanation for the failure to [timely move for the leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Only upon a showing of good cause will a court proceed to apply the more liberal standard under Rule 15(a)(2). *S&W Enters.*, 110 F.3d at 536.

Under Rule 15(a)(2), a party may amend its pleading with either the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Courts are instructed to "freely give leave when justice so requires." *Id*. Though this language has been interpreted to favor permitting the amendment, granting leave "is by no means automatic." *Clark v. Dep't of*

*Pub. Safety & Corr.,* No. 24-30201, 2025 WL 1733666 (5th Cir. June 23, 2025).

## IV.  ANALYSIS

Here, Wylie seeks to amend its complaint for a third time to include facts regarding a material change to the Policy that only became known to Wylie during recent settlement negotiations. Dkt. No. 33 at 3, 4. Wylie explains that Church Mutual added an additional limitation to the roof surfacing endorsement without providing it notice. *Id*. at 3. If permitted, Wylie would also correct and clarify the insurance policy numbers and timeline of coverage. *Id*. Wylie contends that "justice requires" this amendment because the new information "directly impacts [its] coverage claims and legal theories" the amendment will not cause undue delay or prejudice Church Mutual because "discovery is ongoing and dispositive motions are not due until July 8, 2025[.]" *Id.*

Wylie's argument primarily addresses the standard under Rule 15(a)(2) but fails to make an initial showing of good cause under Rule 16(b)(4). Wylie argues that it did not address the Policy change in its Second Amended Complaint because it did not know of the material change. But, as Church Mutual notes, context implies that Wylie knew of this change prior to its present Motion.[2] For example, Wylie alluded to this information in its most recent amended pleading in January. *See* Dkt. No. 17 at 3. Church Mutual also raised a defense based on this Policy Limitation in its Original Answer, which was filed on August 19, 2024. Dkt. No. 1-9 at 5. In addition, Church Mutual produced discovery approximately

---

[2] Wylie has left these arguments undisputed by failing to file a Reply. Church Mutual filed its Response on June 24, 2025. Dkt. No. 34. Under Local Rule 7.1, Wylie must file its Reply by no later than July 8, 2025. However, in its most recent Order, the Court required Wylie to file its Reply by July 7, 2025, and it has not done so. Dkt. No. 36.

four months ago which it notes should have similarly given Wylie notice of the information underlying its current proposed amendment. Dkt. No. 34 at 7. Thus, the undersigned cannot find that Wylie, if it had acted diligently, could not have reasonably provided this information by the January 31 amendment deadline. *See S&W Enters.*, 315 F.3d at 356 (denying an untimely motion to amend because the moving party could have inserted the new claim "from the beginning, but fails to explain why it did not.").

The remaining factors are no help to Wylie. Because Wylie seeks to assert a new cause of action, there is potential prejudice in allowing the amendment because Church Mutual would be required to conduct additional discovery.[3] Though a continuance could allow Church Mutual to do so, such continuance would unnecessarily delay the trial, set for September 8, 2025. *See S&W Enters.*, 315 F.3d at 357.

## V.  CONCLUSION

For the reasons above, the undersigned RECOMMENDS that the Court DENY Wylie's Motion.

## VI.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within four-

---

[3] Wylie disputes this prejudice because "discovery is ongoing[.]" Dkt. No. 33 at 4. Though true that the Court recently extended the deadlines for the parties' discovery to July 8, 2025, the present Motion to Amend was not ripe until July 7, 2025. Dkt. No. 32 at 1; *see also* Dkt. No. 36 (ordering Wylie to file a reply no later than July 7, 2025). Moreover, since the filing of this Motion on June 3, neither party has sought a modification of the Scheduling Order to extend the discovery or dispositive motions deadline.

teen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      ORDERED this 8th day of July 2025.

 

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE